UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWNA L. JACOB,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C14-5373 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 25), and Plaintiff Shawna Jacob's ("Jacob") objections to the R&R (Dkt. 26).

On October 28, 2014, Judge Creatura issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision that Jacob was not disabled. Dkt. 25. On November 12, 2014, Jacob filed objections. Dkt. 26. On November 26, 2014, the Government responded. Dkt. 27.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

ORDER - 1

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Jacob raises two objections to Judge Creatura's recommended disposition. First, Jacob argues that Judge Creatura erroneously concluded that the ALJ gave a sufficient reason for discounting Dr. Wingate's opinion. Dkt. 26 at 1–5. Although the ALJ's finding that Dr. Wingate performed no objective psychological testing is legal error, this error is harmless. The ALJ also found that Dr. Wingate "relied heavily on the self-reporting of the claimant." AR 43. A review of the record indicates that this finding is supported by substantial evidence. For example, Dr. Wingate specifically stated in her report that "[t]he evaluation was based [on] client self-report and . . . is reflective only of [Jacob's] self-assessment." AR 505. Additionally, Dr. Wingate primarily referenced Jacob's self-reporting in her summary and recommendation, even though she had performed a mental status examination. AR 508. As evidenced by her own report, Dr. Wingate largely relied on Jacob's self-reporting rather than objective testing. *See* AR 505–08. The Court therefore agrees with Judge Creatura that the ALJ provided a specific and legitimate reason for discounting Dr. Wingate's opinion and thus did not commit harmful error.

Second, Jacob contends that Judge Creatura erroneously concluded that the ALJ provided a sufficient basis for discrediting her testimony. Dkt. 26 at 5–7. As Judge Creatura discussed, the ALJ provided a clear and convincing reason for not fully

ORDER - 2

crediting Jacob's testimony. *See* Dkt. 25 at 6; AR 41–42. Specifically, the ALJ found that Jacobs made numerous inconsistent statements. AR 41–42. This finding is supported by substantial evidence in the record, which was cited and thoroughly addressed by Judge Creatura. *See* Dkt. 25 at 5–7. Although Judge Creatura discussed some evidence that the ALJ did not rely on, this evidence simply provides additional support for the ALJ's position. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 n.3 (9th Cir. 2006). In sum, the Court agrees with Judge Creatura that the ALJ did not commit harmful error in evaluating Jacob's credibility.

Therefore, the Court having considered the R&R, Jacob's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision is **AFFIRMED**; and

(2) This action is **DISMISSED**.

Dated this 7th day of January, 2015.

BENJAMIN H. SETTLE
United States District Judge